IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


UNITED STATES OF AMERICA                    CRIMINAL ACTION
                                            NO. 1:14CR8-MMP
                                            July 8, 2014

v.

RYAN DAVID BURD.

                        Defendant.
_____/


            TRANSCRIPT OF CHANGE OF PLEA PROCEEDINGS

        The above-entitled proceedings came on to be heard
before THE HONORABLE MAURICE M. PAUL, SENIOR UNITED STATES
DISTRICT JUDGE.


APPEARANCES:

FOR THE GOVERNMENT:
                        MR. FRANCIS T. WILLIAMS
                        Assistant United States Attorney
                        Office of the United States Attorney
                        300 East University Avenue, Suite 310
                        Gainesville, Florida 32601

FOR THE DEFENDANT:
                        MR. DARREN J. JOHNSON
                        Assistant Federal Public Defender
                        Office of the Federal Public Defender
                        101 SE 2nd Place – Suite 112
                        Gainesville, Florida 32601


REPORTED BY:            CHRISTINE E. BORDENAVE, RPR
                        U.S. Official Court Reporter


Proceedings recorded by mechanical stenography, transcript
produced by computer-aided transcription.

1           (In open court at 3:30 p.m. with the defendant and all

2      parties present.)

3               THE COURT:  Be seated, folks.  Hello again, Mr.

4      Johnson.

5               MR. JOHNSON:  Good afternoon again, Your Honor.

6      Darren Johnson, on behalf of Ryan David Burd, who is to my

7      right.

8               THE COURT:  You are Ryan Burd?

9               THE DEFENDANT:  Yes, Your Honor.

10              THE COURT:  Mr. Burd, we are here this afternoon for

11     the purposes of you changing your plea from not guilty to

12     guilty to the offense in Count One of this indictment which

13     charges you with using a facility or means of interstate

14     commerce to knowingly attempt to persuade, induce and entice an

15     individual who had not obtained the age of 18 years to engage

16     in sexual activity for which any person can be charged with a

17     criminal offense.

18              Is that your understanding of what we are doing here

19     today?

20              THE DEFENDANT:  Yes, sir.

21              THE COURT:  And that this plea is based upon a plea

22     agreement that you have entered into with the government?

23              THE DEFENDANT:  Yes, sir.

24              THE COURT:  Swear him in, please.

25              THE CLERK:  Yes, sir.  Sir, please raise your right

1    hand to be sworn.

2              RYAN DAVID BURD, DEFENDANT, SWORN

3              THE COURT:  Mr. Burd, as to the offense in Count One,

4    use of a facility or means of interstate commerce to knowingly

5    attempt to persuade, induce and entice an individual who had

6    not attained the age of 18 years to engage in sexual activity

7    for which any person can be charged with a criminal offense in

8    violation of 18 U.S. Code, Section 2422 (b).  How do you now

9    plead?

10             THE DEFENDANT:  Guilty.

11             THE COURT:  It is your right, sir, to plead guilty to

12   this charge, however, before I accept your guilty plea, I have

13   to first determine that your decision to plead guilty is freely

14   and voluntarily made and that there is a factual basis to

15   support your guilty plea.  So it becomes necessary that I ask

16   you certain questions.  Now if you do not understand the

17   questions or any of the words that I might use, if you'll let

18   me know, I will explain them to you.  Also, if at any time

19   during this questioning you wish to talk with your lawyer, just

20   let me know.  I will stop the questioning and you may then

21   confer with your lawyer as often and as long as you feel it is

22   necessary.

23             So do you understand, sir, what I just told you?

24             THE DEFENDANT:  Yes, sir.

25             THE COURT:  It is also necessary that all of your

1    answers to my questions be given under oath.  I do caution you

2    now that the answers you are about to give may be later used

3    against you in a separate prosecution for perjury or false

4    swearing, regardless of the outcome of the present case, if the

5    answers you give are in fact untrue.

6             So do you understand the necessity of giving truthful

7    answers to all of my questions?

8             THE DEFENDANT:  Yes, Your Honor.

9             THE COURT:  Would you please, sir, state your full

10   legal name.

11            THE DEFENDANT:  Ryan David Burd.

12            THE COURT:  Mr. Burd, have you ever been known by any

13   other name or names?

14            THE DEFENDANT:  No, sir.

15            THE COURT:  How old are you, please?

16            THE DEFENDANT:  I'm twenty-nine.

17            THE COURT:  Would you tell me your date of birth?

18            THE DEFENDANT:  XX XX 1985.

19            THE COURT:  Where were you born?

20            THE DEFENDANT:  Chicago.

21            THE COURT:  Married or single?

22            THE DEFENDANT:  Single.

23            THE COURT:  Have you ever been married?

24            THE DEFENDANT:  No, sir.

25            THE COURT:  Do you have children or others who might

1    be dependent upon you for support?

2              THE DEFENDANT:  I do not.

3              THE COURT:  At the present time where do you now

4    live, sir?

5              THE DEFENDANT:  Hilton Head Island, South Carolina.

6              THE COURT:  Is there an address there, sir?

7              THE DEFENDANT:  Sorry?

8              THE COURT:  Your address there?

9              THE DEFENDANT:  XXXX XXXX.

10             THE COURT:  Do you live there alone or with someone

11   else?

12             THE DEFENDANT:  I live there with my parents.

13             THE COURT:  The extent of your schooling or

14   education, please.

15             THE DEFENDANT:  I completed a master's degree.

16             THE COURT:  In what discipline?

17             THE DEFENDANT:  Music, Your Honor.

18             THE COURT:  From what institution?

19             THE DEFENDANT:  The University of North Texas.

20             THE COURT:  When did you receive that, sir?

21             THE DEFENDANT:  The summer of 2012.

22             THE COURT:  What type of work have you generally

23   followed in the past?

24             THE DEFENDANT:  I'm a professional musician and a

25   teacher, a music teacher.

1          THE COURT:  Do you teach music?  How do you do that?

2  Do clients come to you or do you go to them or are you at some

3  institution or how does that work?

4          THE DEFENDANT:  A variety of ways.  Private

5  instruction, and I also have taught at the college level part

6  time.  I have taught performing, touring performing, ensembles.

7          THE COURT:  Are you currently pursuing that?

8          THE DEFENDANT:  No, Your Honor.

9          THE COURT:  Have you ever been treated for any mental

10  illness?

11          THE DEFENDANT:  No, sir.

12          THE COURT:  To your knowledge, do you now suffer from

13  any type of mental or emotional disability?

14          THE DEFENDANT:  No, sir.

15          THE COURT:  As you stand before the Court this

16  afternoon, are you under the influence of any drug, narcotic or

17  alcoholic beverage?

18          THE DEFENDANT:  No, sir.

19          THE COURT:  Have you taken any drug or narcotic or

20  have you consumed any alcoholic beverage within the last 24

21  hours?

22          THE DEFENDANT:  No, sir.

23          THE COURT:  I do now advise you in reference to the

24  charge in this case, that you have the right to a trial by a

25  jury and to have that jury determine your guilt or innocence,

1   that you are entitled to the assistance of a lawyer at any such

2   trial or proceeding, that you cannot be compelled to testify

3   against yourself but you have the absolute right to remain

4   silent.  You have the right to confront witnesses, that is to

5   see, hear and cross-examine any witness that would testify

6   against you.

7           Do you understand what I told you about your rights

8   that you are entitled to, sir?

9           THE DEFENDANT:  Yes, Your Honor.

10          THE COURT:  You also have the right to continue to

11  plead not guilty.  If you do plead not guilty, the government

12  would have the burden or the duty of proving your guilt to a

13  jury and must do so by a standard known as proof beyond a

14  reasonable doubt.  However, if your guilty plea is accepted by

15  the Court today, Mr. Burd, you waive, that is, you give up each

16  right that I have explained to you; that is, the right to

17  remain silent; the right to a trial by a jury; the right to

18  confront witnesses that will testify against you; the right to

19  have witnesses present to testify for you.

20          So knowing you do give up each of these rights by

21  pleading guilty, do you still wish to plead guilty?

22          THE DEFENDANT:  Yes, Your Honor.

23          THE COURT:  A plea of guilty, Mr. Burd, admits the

24  truth of the charge brought against you while a plea of not

25  guilty denies that charge.

1          Do you, sir, understand the difference between a

2     guilty and a not guilty plea?

3          THE DEFENDANT:  Yes, Your Honor.

4          THE COURT:  Upon your plea of guilty being accepted

5     here today, there will not be a further trial of any kind in

6     your case, that is, no trial before a jury, no trial before me

7     sitting without a jury.  Do you, sir, understand that fact?

8          THE DEFENDANT:  Yes, Your Honor.

9          THE COURT:  It may be you have some defense to this

10    charge.  I do not know that you have any defense.  I am not

11    telling you that you have any defense, but what I am telling

12    you is that if your guilty plea is accepted by the Court today,

13    that by pleading guilty, you waive, that is, you give up any

14    defense whatsoever that you may have.

15         So knowing you are giving up any defense that you may

16    have by pleading guilty, do you still wish to plead guilty?

17         THE DEFENDANT:  Yes, Your Honor.

18         THE COURT:  Also, if your guilty plea is accepted,

19    Mr. Burd, you additionally waive, that is, you give up your

20    right to appeal all matters that relate to the judgment and the

21    sentence that is to be imposed by this Court as well as to the

22    issue of your guilt or your innocence.

23         So knowing that you are giving up your right to

24    appeal by pleading guilty, except as to an illegally imposed

25    sentence, do you still wish to plead guilty?

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  The charge against you in this one count

3   indictment and to which you are now in the process of pleading

4   guilty is as follows.  That is, you are charged with using a

5   facility or a means of interstate commerce to knowingly attempt

6   to persuade, induce and entice an individual who had not

7   obtained the age of 18 years to engage in sexual activity for

8   which any person can be charged with a criminal offense.  The

9   essential elements of that crime and as to which the government

10  must offer proof are as follows.  First, that you knowingly

11  attempted to persuade, induce or entice an individual to engage

12  in sexual activity.  Secondly, that you used an interstate

13  facility, for example, a computer, an Internet or a cellphone,

14  as alleged in the indictment, to do so.  Thirdly, that when you

15  did these acts, you believed that the individual was less than

16  18 years old.  Fourthly, that if you had engaged in the sexual

17  activity referred to in Paragraph 1, you could have been

18  charged with a criminal offense under the law of the State of

19  Florida.  And lastly, five, that you did engage in conduct

20  which constituted a substantial step towards the commission of

21  that crime.

22          Now at this time the government is going to place on

23  the record those facts that they would be prepared to prove at

24  your trial, if there was to be a trial, so you should listen

25  closely and carefully to what the government is about to

1   recite.   Mr. Williams.

2           MR. WILLIAMS:  Yes, sir. Good afternoon, Your Honor.

3           THE COURT:  Good afternoon to you.

4           MR. WILLIAMS:  Your Honor, on Saturday, February the

5   15th, 2014, the defendant Ryan David Burd performed as a

6   musician with a five-man band that is known as the Dallas Brass

7   during a concert in Gainesville, Florida.  Burd had previously

8   performed with the band at numerous other venues throughout the

9   United States, including having performed a similar concert in

10  Gainesville, Florida in 2013.  During these performances, band

11  members interact with high school and middle school musicians

12  and the band performs with the students.  Following the

13  performance that was held on Saturday, February 15, 2014, Burd

14  met a 14-year-old female minor child that will hereafter be

15  referred to as A.H.  Burd and A.H. had their photograph taken

16  together.  And after leaving the performance, A.H. used a

17  cellphone connected to the Internet and "liked" the Facebook

18  page of Burd's band.

19          Facebook is an online social networking service and

20  users must register before using the service, after which they

21  may create a personal profile, add other users as friends,

22  exchange messages and pictures, and receive automatic

23  notifications related to their profile.  From the Dallas Brass'

24  main Facebook page, A.H. located the link to Burd's personal

25  Facebook account (this account is in the name of Ryan Burd).

A.H. then posted the photograph of herself and Burd, and A.H. then began using the messenger feature available through Facebook to communicate with Burd.  During the ensuing conversation, Burd asked A.H. her age and she told him she was 14.  Burd asked for the child's home address, which she provided.  The address corresponds with her residence in High Springs, Florida.  Burd asked the child if she had previously had sexual intercourse and discussed having sex with her.  A.H. told Burd she was a virgin and made numerous excuses as to why she could not have sex, including that she was having her menstrual cycle.  Burd continued to discuss sex and attempted to convince her to have sex with him.  He stated, "I can say that I would make it wonderful for you."  He also stated, "I can tell you with one hundred percent certainty that you wouldn't get pregnant.  I can bring towels so you wouldn't bleed everywhere."  On February 16, 2014, Burd traveled to the child's residence late at night without her parents' knowledge, for the purpose of having sex with A.H.  Upon arriving, Burd parked down the street from her residence, and the child allowed him to enter the residence.  Burd brought a towel to the residence.  Burd and A.H. had physical contact but there is no evidence that sexual contact took place.  Burd added A.H.'s cellphone number to his own cellphone, which he had been using to communicate with A.H. and which he had in his possession during his time at the residence. Burd then left the residence.

1             Law enforcement officers were aware of the

2    aforementioned acts based on the initial report received on

3    February 17, 2014.  The Alachua County Sheriff's Office

4    contacted A.H. and her family and assumed control of the

5    child's phone and Facebook account.  On February 18, Burd sent

6    an unsolicited Facebook message to A.H. on her account,

7    apologizing for the incident that had occurred on February 16,

8    2014.

9             On February 18, 2014, a law enforcement officer from

10   the Alachua County Sheriff's Office began communicating

11   undercover with Burd via A.H.'s Facebook persona.  During these

12   communications, Burd explained he was at another performance in

13   Ocala, Florida.  Burd discussed having sex with A.H., and

14   offered to drive again to A.H.'s residence on Tuesday night

15   which was February 18, 2014, from Ocala.  Burd made phone calls

16   and texted messages to the phone belonging to A.H.

17            On February 19, 2014, at approximately 2:00 a.m.,

18   Burd again arrived at A.H.'s residence in High Springs,

19   Florida.  He was taken into custody by law enforcement officers

20   as he entered the residence.  At the time of his arrest Burd

21   was in possession of an iPhone and a towel.

22            Your Honor, that's all that I have at this time.

23            MR. JOHNSON:  Your Honor, we would have two just

24   slight clarifications.

25            THE COURT:  Let me hear it.

1           MR. JOHNSON:  First, I believe the professional band,

2  the Dallas Brass that Mr. Burd was a member of that was a

3  six-man band, and that's a minor clarification.  Second, on

4  Page 2, a clarification just that I believe it was A.H., or the

5  person referred to as A.H., added her cellphone number to

6  Mr. Burd's phone on the night of or the morning of February 16.

7  It wasn't Mr. Burd adding that number.  Again, I don't think it

8  goes to the elements of the offense, but we just wanted to

9  state those clarifications.

10          THE COURT:  Does the government have a problem with

11  that?

12          MR. WILLIAMS:  No, sir.

13          THE COURT:  Can we consider it an amendment to

14  reflect those two minor, one addition and one change?

15          MR. JOHNSON:  Yes, sir.

16          THE COURT:  Is that satisfactory to the government?

17          MR. WILLIAMS:  Yes, sir, it is.

18          THE COURT:  With those two changes, Mr. Burd, did you

19  hear what the government had to say about the facts of the case

20  and your involvement in it?

21          THE DEFENDANT:  Yes, Your Honor.

22          THE COURT:  Are those facts true and correct?

23          THE DEFENDANT:  Yes, sir.

24          THE COURT:  The maximum sentence to be imposed upon

25  your plea of guilty is life imprisonment with a mandatory

1    minimum of ten years, a maximum of life on supervised release

2    with a mandatory minimum of five years, a $250,000 fine, a $100

3    special monetary assessment.  Also, you would be required to

4    register as a sex offender, as described later on in this plea

5    agreement.  So do you understand, sir, that by pleading guilty,

6    you face a maximum of life imprisonment with a mandatory

7    minimum of ten years; you face a maximum of life on supervised

8    release with a mandatory minimum of five years; and you face a

9    mandatory requirement that you register as a sex offender in a

10   manner which we will discuss in just a couple more minutes?  Do

11   you understand that?

12            THE DEFENDANT:  Yes, sir.

13            THE COURT:  Under the Sentencing Reform Act of 1984,

14   the United States Sentencing Commission did establish

15   guidelines that judges like myself must follow and consider

16   when determining an appropriate sentence to be imposed in any

17   particular case as to any particular defendant.

18            Now have you and your lawyer discussed these

19   guidelines and how they might apply to you and to the facts of

20   your case?

21            THE DEFENDANT:  Yes, sir.

22            THE COURT:  Do you understand, sir, that I will not

23   be able to determine your sentence in this case until after the

24   presentence report has been completed and both you and the

25   government have had the opportunity to challenge any factual

 1   matters that are reported to me by the probation officer?

 2            THE DEFENDANT:  Yes, sir.

 3            THE COURT:  Do you also understand that after it has

 4   been determined what guidelines do apply to you and to the

 5   facts of your case, that I still have the authority to impose a

 6   sentence that is either more severe or a sentence that is less

 7   severe than that sentence which was recommended by the

 8   guidelines?

 9            THE DEFENDANT:  Yes, Your Honor.

10            THE COURT:  And do you also understand that under

11   certain circumstances, you or the government may have the right

12   to appeal any sentence that I do impose upon you?

13            THE DEFENDANT:  Yes, Your Honor.

14            THE COURT:  Have you been made aware, Mr. Burd, and

15   do you now understand that parole has been abolished in the

16   Courts of the United States, and if you are sentenced to

17   prison, you will not be released on parole but you will be

18   required to serve the entire sentence that is imposed upon you

19   less any statutory good or gain time?

20            THE DEFENDANT:  Yes, sir.

21            THE COURT:  The mandatory minimum sentence is applied

22   to you in the facts of this case, do you now understand since

23   that statute requires the imposition of a mandatory minimum

24   sentence, that sentence must be imposed upon you even if your

25   guidelines call for a lesser term of imprisonment?

 1              THE DEFENDANT:  Yes, sir.

 2              THE COURT:  Do you understand that both the maximum

 3    sentence of life and the mandatory minimum sentence of ten

 4    years could be imposed upon you if your plea is accepted in

 5    this court as to the allegation in Count One?

 6              THE DEFENDANT:  Yes, sir.

 7              THE COURT:  I've got several documents I need you to

 8    look at.

 9              MR. JOHNSON:  Your Honor, the first one before

10    Mr. Burd is the plea agreement.

11              THE COURT:  Thank you, Mr. Johnson.  Let me find it

12    here.  I have it.  Mr. Burd, if you would look at that document

13    entitled plea agreement, it is five pages, I believe.

14              Do you recognize that as the original plea agreement

15    that you have entered into with the government and based upon

16    the terms of what you are entering your guilty plea here today?

17              THE DEFENDANT:  Yes, sir.

18              THE COURT:  If you would turn to the last page

19    numbered five where signatures appear.  I ask if you recognize

20    any of those signatures?

21              THE DEFENDANT:  Yes, I recognize my own.

22              THE COURT:  You signed that plea agreement, sir?

23              THE DEFENDANT:  Yes, I did.

24              THE COURT:  At the time you signed the plea agreement

25    and at the present time, did you fully understand all of its

1    terms and conditions?

2            THE DEFENDANT:  Yes, Your Honor.

3            THE COURT:  The second document that you have before

4    you is entitled --

5            MR. JOHNSON:  Statement of facts, sir.

6            THE COURT:  -- statement of facts.  If you would look

7    at that one, please.  Now we know you made two corrections to

8    it, which will not appear on the statement, but we know they

9    are part of the statement.

10           So with that understanding, I ask if you recognize

11   the document that you have before you as being the original

12   statement of facts that you have agreed to with the government

13   as being applicable to the facts of this case?

14           THE DEFENDANT:  Yes, sir.

15           THE COURT:  With the two corrections that remain

16   here, are the statements contained in this document true and

17   correct?

18           THE DEFENDANT:  Yes, Your Honor.

19           THE COURT:  Did you understand, prior to signing the

20   statement of facts, as to what you were agreeing to?

21           THE DEFENDANT:  Yes, sir.

22           THE COURT:  The last document you have before you is

23   entitled supplement to plea agreement.  It is one page long.  A

24   signature appears at the bottom of the page.  Again, can you

25   identify any signature?

1          THE DEFENDANT:  I can identify my own, Your Honor.

2          THE COURT:  And you signed that supplement?

3          THE DEFENDANT:  Yes, I did.

4          THE COURT:  Under the terms of the plea agreement it

5   says that you would plead guilty to Count One of the

6   indictment.

7          Do you understand that that is what you are doing

8   here today, sir?

9          THE DEFENDANT:  Yes, Your Honor.

10          THE COURT:  Your agreement further provides that at

11  the time you are adjudged to be guilty of this crime, the

12  government agrees that they will not file any additional

13  charges against you which arise out of this same transaction or

14  occurrence to which you are in the process of pleading guilty.

15          Do you understand that, sir?

16          THE DEFENDANT:  Yes, sir.

17          THE COURT:  Your plea agreement, in essence, is a

18  straight-up plea, as I read it, Mr. Johnson.

19          MR. JOHNSON:  That's correct, Your Honor.

20          THE COURT:  Which means that the government makes you

21  no promises or offer you any inducements except the promise

22  that I have just gone over, that is, if you are adjudged to be

23  guilty of this crime, they will not file any additional

24  criminal charges against you arising out of the same

25  circumstances or occurrence.

1              Do you understand that, sir?

2              THE DEFENDANT:  Yes, Your Honor.

3              THE COURT:  The plea agreement further provides that

4    the sentence that is to be imposed is left solely to the

5    discretion of this Court.  The government would take no

6    position as to any sentence that should be imposed upon you.

7    They do not do so in any case.  The government does reserve the

8    right, however, to provide to this Court their version of the

9    facts of the case and your involvement in the case, as well as

10   the right to correct what they consider to be any misstatement

11   of fact made by you or your lawyer or anyone on your behalf.

12             Do you understand that, sir?

13             THE DEFENDANT:  Yes, Your Honor.

14             THE COURT:  The agreement further provides that any

15   sentence to be imposed is left solely to the discretion of this

16   Court.  It further states what we have discussed once or twice

17   here, that I am required to consider and consult with the

18   Sentencing Guidelines before coming to any determination as to

19   an appropriate sentence, but that in imposing the sentence, I

20   am limited only by the statutory maximum and the mandatory

21   minimums when imposing a sentence upon you.  That means I am

22   not bound by the guidelines but I have to consider them.  Do

23   you understand that, sir?

24             THE DEFENDANT:  Yes, Your Honor.

25             THE COURT:  There's a forfeiture provision.  I don't

1    know what it is.  It might be cellphones and so forth.  But any

2    equipment or matters that you used in furtherance of this crime

3    could, upon motion of the government in proof that they were

4    used in furtherance of this crime, be forfeited, that is, taken

5    away from you and given to the government.

6              Do you understand that?

7              THE DEFENDANT:  Yes, sir.

8              THE COURT:  Your plea agreement, Mr. Burd, binds only

9    the Office of the Federal Public Defender of the Northern

10   District of Florida.  It binds no other Office of the U.S.

11   Attorney -- I said Public Defender -- it binds no other Office

12   of the U.S. Attorney.  It does not bind the State of Florida or

13   any of its political subdivisions.  It does not bind any other

14   state, district, territory or country.

15             Do you understand that fact, sir?

16             THE DEFENDANT:  Yes, Your Honor.

17             THE COURT:  Have you had time to discuss your case

18   fully with your lawyer and explained to him the facts of the

19   case and your involvement in this case?

20             THE DEFENDANT:  Yes, sir.

21             THE COURT:  Have you done so?

22             THE DEFENDANT:  Yes, sir.

23             THE COURT:  Has anyone made any promise to you,

24   Mr. Burd, other than those which are actually set forth in this

25   written plea agreement, that has in any way induced you or led

1    you to plead guilty to this charge?

2             THE DEFENDANT:  No, Your Honor.

3             THE COURT:  Does the written plea agreement in fact

4    contain any promise or inducement that has been offered and

5    considered by you in your decision to plead guilty to this

6    charge?

7             THE DEFENDANT:  Yes, sir.

8             THE COURT:  And based upon those considerations, you

9    are entering your guilty plea here today?

10            THE DEFENDANT:  Yes, Your Honor.

11            THE COURT:  Has either your lawyer, the government,

12   or any other person told you anything or promised you anything

13   that is contrary to the terms of your written plea agreement or

14   is in addition to the terms of your written plea agreement that

15   has in any way induced you or led you to plead guilty to this

16   charge?

17            THE DEFENDANT:  No, Your Honor.

18            THE COURT:  By that, I mean has anyone told you that

19   something is going to happen that is not set forth in this

20   written plea agreement?

21            THE DEFENDANT:  No, sir.

22            THE COURT:  Has anyone used any type of a force,

23   threat, intimidation of any type to make you plead guilty to

24   this charge?

25            THE DEFENDANT:  No, Your Honor.

1          THE COURT:  You are represented in these proceedings

2     by Mr. Johnson.  He's in court with you this afternoon.  I ask

3     if you have had sufficient time to discuss your case fully with

4     Mr. Johnson and explained to him everything you know about the

5     case as well as your own involvement in this case?

6          THE DEFENDANT:  Yes, sir.

7          THE COURT:  Have you done so?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  During the conferences with your lawyer,

10    has he generally answered what questions you may have, has he

11    advised you where he thinks you may fall within the Sentencing

12    Guidelines based upon his current knowledge of the facts of the

13    case as well as any prior criminal history that you may have?

14         THE DEFENDANT:  Yes, sir.

15         THE COURT:  Are you satisfied with your lawyer and

16    the way that he has represented you in this case?

17         THE DEFENDANT:  Yes, sir.

18         THE COURT:  Do you have any complaint whatsoever

19    about the way that Mr. Johnson or anyone from the Office of the

20    Federal Public Defender has represented you?

21         THE DEFENDANT:  No, Your Honor.

22         THE COURT:  I believe it was last week, wasn't it,

23    Mr. Johnson, we met on the phone with Mr. Burd and the

24    government and yourself and myself?

25         MR. JOHNSON:  That's correct, Your Honor.

1          THE COURT:  And at that time we discussed maybe

2     giving you an opportunity to continue this case and get a new

3     lawyer, and I declined to let that happen.

4          Are you still satisfied with Mr. Johnson and his work

5     he has performed on your behalf?

6          THE DEFENDANT:  Yes, Your Honor.

7          THE COURT:  Mr. Johnson, as the attorney for Ryan

8     Burd, can you assure the Court that as far as you know, there

9     have been no assurances, promises or understandings been given

10    to this defendant as to the disposition of his case which are

11    in any way different or contrary to what I have discussed with

12    him and we have now made a matter of record here in open court?

13         MR. JOHNSON:  Your Honor, there is one issue.  I

14    believe it is covered by the general terms of the plea

15    agreement, however, I just wanted to make the record clear.

16         Mr. Williams and I discussed the -- it's an agreement

17    that the government will remain silent or defer to the Court on

18    what the appropriate length of the supervised release is.  I

19    just want to make sure that is --

20         THE COURT:  I should have read that but I will make

21    sure it is.

22         Do you understand what your lawyer just said?  I

23    didn't read every paragraph in the agreement to you.

24         THE DEFENDANT:  Yes, sir, I understand.

25         MR. JOHNSON:  Well, this was actually outside of it,

1    Your Honor.  I have taken it a step further.  I have actually

2    addressed that with Mr. Williams.  I would like the government

3    to remain silent on that and defer to Your Honor's discretion.

4    I wish to just make the Court aware of that.

5                THE COURT:  We'll see if the government is aware of

6    it.

7                MR. WILLIAMS:  Yes, sir, I agree to that.

8                THE COURT:  Okay.

9                MR. JOHNSON:  That's all, Your Honor.

10               THE COURT:  Then that will be a part of the

11   agreement.  Thank you for bringing it to my attention.

12               MR. JOHNSON:  Yes, sir.

13               THE COURT:  Any additional?

14               MR. JOHNSON:  No, sir.  Other than that, there is no

15   other agreements that are not contained in our written plea

16   agreement.

17               THE COURT:  And the government agrees with that?

18               MR. WILLIAMS:  Yes, sir.

19               THE COURT:  The Court finds you, Ryan David Burd, to

20   be alert and intelligent and that you do understand the nature

21   of the charge against you and do appreciate the consequences of

22   pleading guilty.  I find your decision to plead guilty and the

23   facts the government is prepared to prove are sufficient to

24   sustain your guilty plea, those including the matters that you

25   have admitted to in open court as well as to the written

1    statement of facts placed on the record by the government, all

2    of this being sufficient to sustain your plea of guilty to the

3    charge in Count One of the indictment.  I further find your

4    decision to plead guilty is freely, voluntarily, and

5    intelligently made and that you have had the advice and counsel

6    of a competent lawyer with whom you say you are well pleased.

7    So the guilty plea is accepted.  I will withhold formal

8    adjudication at this time and order a presentence investigation

9    report be prepared.  I set your sentencing for the 9th day of

10   October 2014, one o'clock in the afternoon, here in the

11   Gainesville courthouse.

12           Any changes to the bond conditions or status?

13           MR. WILLIAMS:  No, sir.

14           THE COURT:  While you are awaiting sentencing, Mr.

15   Burd, you may remain at liberty under the same terms and

16   conditions which have previously been imposed upon you.  And

17   before you leave the courthouse today you need to see that

18   gentleman from probation that is seated in the jury box.

19           Any other matters by the defense?

20           MR. JOHNSON:  No, sir.  But, perhaps, in the plea

21   agreement you had made reference earlier that you were going to

22   go over the SORNA provision paragraph, and maybe I didn't hear

23   you.

24           THE COURT:  The what?

25           MR. JOHNSON:  The Sex Offender Registration aspect.

1   Just to make the record clear, if you would just alert Mr. Burd

2   to that.

3            THE COURT:  Yes.  That's an agreement imposed upon

4   you by statute.  If you watch any news in almost any week,

5   you'll see something on some news TV show where someone has

6   been arrested for failure to register as required under the Sex

7   Offender Registration Act.  There's a provision in here that I

8   have to find again.

9            MR. JOHNSON:  I believe it is on Page 3, Your Honor,

10  Paragraph 5 at the bottom and continuing on to Page 4.

11           THE COURT:  Thank you.  Page 3.  Thank you.  What

12  that statement in (i) says in your plea agreement is that you

13  have been advised and understand that under the Sex Offender

14  Registration Notification Act you must register and keep a

15  registration current as to your residence, your employment or

16  where you are attending school.  You further are advised and

17  understand that failure to register or update your registration

18  not later than three business days after any change would

19  subject you to criminal prosecution and penalties as described

20  in Title 18, United States Code, Section 2250.  What it says is

21  that you have to keep these registrations current and you have

22  within three days to make those changes.

23           Do you understand that?

24           THE DEFENDANT:  Yes. Your Honor.

25           THE COURT:  I'm sure Mr. Johnson has stressed that to

1   you.  It is an important part of the sentence that I will be

2   imposing.  Do you understand that?

3            THE DEFENDANT:  Yes, sir.

4            THE COURT:  Thank you, Mr. Johnson.  Do you have

5   anything additional?

6            MR. JOHNSON:  No, sir.

7            THE COURT:  Does the government have any additional?

8            MR. WILLIAMS:  No, sir.

9            THE COURT:  As I said, before you leave here today

10  you need to see the probation officer.  If there is nothing

11  else, we'll stand in recess.

12       (Proceedings concluded at 4:15 p.m.

13

14                    CERTIFICATE OF REPORTER

15

16            I, CHRISTINE E. BORDENAVE, Registered Professional

17  Reporter, certify that the foregoing is a correct transcript

18  from the record of proceedings in the above-entitled matter.

19  Any redaction of personal data identifiers pursuant to the

20  Judicial Conference Policy on Privacy are noted within the

21  transcript.

22

23  s/Christine E. Bordenave, RPR              1/25/15

24  CHRISTINE E. BORDENAVE, RPR                DATE

25